Case 12-01216    Doc 8    Filed 09/11/12    Entered 09/12/12 09:56:01    Desc Main
Document    Page 1 of 3

12-01216:6.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 9/5/2012 4:00:23 PM by:Daniel Gonzalez Page 1 of 3

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 12-26453 |
| ALICIA MARTINEZ | Judge: Schmetterer |
| | CHAPTER 13 |
| ALICIA MARTINEZ<br>Plaintiff, | |
| v. | ADV. NO. 12-01216 |
| JPMORGAN CHASE BANK | |
| Defendant. | |

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. The Parties

1. The Plaintiff is Alicia Martinez ("Plaintiff").

2. The Defendant is JP MORGAN CHASE BANK.

### B. Factual Background

1. The Plaintiffs filed a petition under Chapter 13 of the U.S. Bankruptcy Code on June 30, 2012.

2. The Plaintiff(s) is owner of a house, his/her principal place of residence, located at 4705 S. Wolcott, Chicago, IL 60609.

3. SETERUS INC holds a first mortgage lien on the real property commonly known as 4705 S. Wolcott, Chicago, IL 60609, in the approximate amount of $231,386.00.

4. The Defendant JP MORGAN CHASE BANK holds a second mortgage lien on the real property known 4705 S. Wolcott, Chicago, IL 60609, in the approximate amount of $29,000.00.

5. That Plaintiff obtained an appraisal of the property indicating the value of $54,000.00. Said appraisal was performed on 4705 S. Wolcott, Chicago, IL 60609 on 07/01/2012 by Thomas Conway Appraisal Service Group.

6. The current Chapter 13 Plan provides the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $390.00

7. Under the Plan, general unsecured creditors will be paid a dividend of 10% of their allowed claim.

8. On August 09, 2012, a copy of the summons and complaint was served upon Defendant in accordance with Rule 7004(b)(3) of the Federal Rules of Bankruptcy Procedure by certified U.S. mail to:

PRESIDENT & CEO: James Dimon, Chief Executive Officer, J.P. Morgan Chase, 270 Park Ave., New York, NY 10017

9. The Defendant has not filed an appearance in this matter and have not filed an answer to the complaint.

10. The Defendant has not filed an unsecured proof of claim for the liens on Plaintiffs' property.

11. That the secured claim of $231,386.00 exceeds the value of the subject property, leaving nothing for Defendants; claims to attach to.

## CONCLUSIONS OF LAW

### A. Jurisdiction

1. The contested matter is a core proceeding pursuant to 28 U.S.C § 157 (b) (2)(k).

2. This Honorable Court has jurisdiction pursuant to § 157 and § 1334 of Title 28, United

States Code.

3. This is a core proceeding within the meaning of § 157(B)(1) and (2) of Title 28, United States Code.

4. Venue is proper pursuant to §1409 of Title 28, United States Code.

### B. Argument

5. This instant case was initiated under 11 U.S.C § 506(a) and F. R. Bankr. P. 3012.

6. The Plaintiff scheduled the first secured claim of SETERUS INC secured claim in the amount of $231,386.00, and the second JP MORGAN CHASE BANK claim in the amount of $29,000.00

7. That value of Plaintiff's residence is $54,000.00

8. As there is no value or equity to support the second priority lien of JP MORGAN CHASE BANK, the JP MORGAN CHASE BANK claim is not a claim secured at all by a security interest in the Debtor's residence, as the term is used in § 1322(b) Bankruptcy Code. The Debtors Chapter 13 plan may value the collateral under FR. Bankr.P.3012, and determine the respective rights of secured creditors through the language therein, contingent on confirmation thereof, completion of the Plan by the Debtor, and entry of discharge. *In re Meyer*, 2009 B 20268, Docket Entry 69 (Bankr. N.F.Ill. January 29, 2010)

Enter:

_____
United States Bankruptcy Judge    Date

SEP 11 2012

9/11/12

Daniel Gonzalez 6285539
Attorney for Plaintiff(s) Debtor
Gonzalez Law Group, P.C.
1904 S. Cicero Ave., Suite #1
Cicero Illinois 60804
312-962-0416